UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WORLDWIDE AIRCRAFT SERVICES,
INC., d/b/a JET I.C.U.

      Plaintiff,                          CASE NO.:

vs.

CIGNA HEALTH AND LIFE
INSURANCE COMPANY and
OPPENHEIMER & CO., INC.,
EMPLOYEE BENEFIT PLAN

      Defendants.
_____/

## COMPLAINT

### STATEMENT OF THE CASE

1. This is an action for damages, equitable relief and attorney fees and costs under the Employee Retirement Income Security Act of 1974, as amended (ERISA), 29 U.S.C. § 1001, *et seq.,* specifically 29 U.S.C. § 1132(a)(1)(b).

### JURISDICTION AND VENUE

2. This Court has jurisdiction of Plaintiff's federal law claims pursuant to 28 U.S.C. §§ 1331 and 1337, as well as 29 U.S.C. § 1132(e).

3. Venue is proper in this district, pursuant to 28 U.S.C. § 1391(b) and (c), as well as 29 U.S.C. § 1132(e)(2), because this district is where the breach took place, the defendant(s) reside or may be found, defendant(s) do business in the state, and/or federal statute authorizes nationwide process be served in any districts where defendant(s) may reside or may be found.

## PARTIES AND GENERAL ALLEGATIONS

4. At all times relevant hereto the Plaintiff, WORLDWIDE AIRCRAFT SERVICES INC. d/b/a/ JET I.C.U. (hereinafter "JET ICU"), was and continues to be a duly authorized provider, both domestically and internationally, of medical air transport services.

5. At all times relevant hereto the Insured, J.N., was an employee of Oppenheimer & Co. Inc. (hereinafter "OPPENHEIMER"), his employer, as those terms are defined in 29 U.S.C. §§ 1002(5) and (6).

6. At all times relevant hereto J.N.'s employer, Oppenheimer, was the plan "sponsor" as these terms are defined by 29 U.S.C. § 1002(16)(A) and (B).

7. J.N., was covered under the OPPENHEIMER & CO., INC., EMPLOYEE BENEFIT PLAN, an Employee Welfare Benefit Plan that included health insurance benefits (hereinafter "THE PLAN").

8. At all times relevant hereto J.N. was a participant in and a beneficiary of THE PLAN, and health insurance premiums required under THE PLAN had been fully paid or otherwise satisfied.

9. At all times relevant hereto Defendant, CIGNA HEALTH AND LIFE INSURANCE COMPANY (hereinafter "CIGNA"), was the plan "administrator" of THE PLAN, and a "fiduciary" as those terms are defined by 29 U.S.C. §§ 1002 (16) and (21).

10. On or about March 17, 2017, J.N. suffered a life-threatening injury while in the Canary Islands, Spain.

11. On or about March 27, 2017, JET ICU provided J.N. emergent air medical transport services from Tenerife, Canary Islands, Spain to Philadelphia, Pennsylvania.

12. J.N.'s medical benefits under THE PLAN, including air ambulance benefits, were assigned to JET ICU as J.N.'s beneficiary.

13. At all times relevant hereto the business practices of CIGNA created a conflict of interest between its fiduciary duties to Plaintiff and its interest in maximizing profits.

14. At all times relevant hereto THE PLAN provided for payment of health benefits and insurance, including air medical transport services, under the terms of THE PLAN.

15. CIGNA made the final decision to deny benefits under THE PLAN.

16. Plaintiff and J.N. has filed, or caused to be filed, proofs of claim and performed all other conditions precedent to recovering benefits under THE PLAN for the loss or losses herein claimed and has exhausted all appropriate administrative remedies prior to filing this action.

## COUNT ONE
### Action to Recover Plan Benefits
### Pursuant to 29 U.S.C. § 1132(a)(1)(B)
### Against CIGNA

17. Plaintiff realleges and re-avers paragraphs 1 through 16 of the Complaint, incorporating them by reference herein as if specifically restated.

18. Defendants, CIGNA and THE PLAN, have failed and refused to pay Plaintiff sums due pursuant to the terms of THE PLAN.

19. Plaintiff is entitled to recover attorney's fees and costs of litigation as authorized by 29 U.S.C. § 1132(g).

**WHEREFORE**, Plaintiff requests that this Honorable Court enter an order granting relief from Defendant for benefits due under THE PLAN, together with costs of litigation and attorney's fees and pre-judgment interest.

## COUNT TWO
### Action to Clarify Right to Receive Plan Benefits
### Pursuant to 29 U.S.C. § 1132(a)(1)(B)
### Against CIGNA

20. Plaintiff realleges and re-avers paragraphs 1 through 16 of the Complaint, incorporating them by reference herein as if specifically restated.

21. Plaintiff is entitled to benefits under THE PLAN.

22. Defendants, CIGNA and THE PLAN, have denied that Plaintiff is entitled to benefits under THE PLAN.

23. Plaintiff is entitled to recover attorney's fees and costs as authorized by 29 U.S.C. § 1132(g).

**WHEREFORE**, Plaintiff requests that this Honorable Court enter an order declaring their rights to reinstatement under THE PLAN and to future benefits under THE PLAN, pursuant to 29 U.S.C. § 1132(a)(1)(B) and award attorney's fees and costs of litigation pursuant to 29 U.S.C. § 1132(g).

Dated this 1st day of July, 2019.

    s/Paul S. Kimsey
    PAUL S. KIMSEY
    Bar No.: 988472
    Attorney for Plaintiff
    KIMSEY LAW FIRM, P.A.
    4012 Gunn Hwy., Suite 140
    Tampa, FL 33618
    Telephone: (813) 549-1001
    Fax: (813) 265-1752
    E-mail: pkimsey@kimseylaw.com